**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2065-18T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LUIS A. DEJESUS, a/k/a
LUIS ALBERTO DEJESUS,

 Defendant-Appellant.

_____

Submitted March 9, 2020 – Decided March 20, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-03-0236.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Lindsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis DeJesus appeals from an April 27, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant is not a U.S. citizen. He was born in the Dominican Republic and was residing in the United States as a lawful permanent resident. In 2015, a Union County Grand Jury returned a fourteen-count indictment charging defendant and three others with various controlled dangerous substance (CDS) offenses occurring on several dates in two counties. Defendant was charged with three first-degree offenses, three second-degree offenses, four third-degree offenses.

On November 29, 2016, defendant pleaded guilty to possession of CDS with intent to distribute it (count twelve) in exchange for a sentencing recommendation of a five-year prison term subject to a twenty-four-month period of parole ineligibility and dismissal of all other charges. Defendant provided a factual basis for his plea. He admitted that on October 22, 2014, he and co-defendants, Brayan Emiliano and Anderson Veloz, possessed cocaine with the intent to distribute it in both Union and Middlesex Counties. Defendant also admitted that he knew it was illegal to possess cocaine with the intent to

distribute it. Judge Regina Caulfield accepted the guilty plea after conducting a thorough plea hearing.

On January 20, 2017, defendant was sentenced in accordance with the plea agreement to a five-year term with a twenty-four-month period of parole ineligibility and appropriate fines and assessments. Defendant did not move to withdraw his guilty plea or file a direct appeal from his conviction or sentence. He was subsequently deported to the Dominican Republic.

Defendant filed a timely pro se petition for PCR in which he alleged he was improperly convicted of distribution of cocaine rather than possession with intent to distribute cocaine. He also alleged the cocaine did not belong to him; the evidence implicated his co-defendants; he had no knowledge of CDS being in the car he was driving; and he only pleaded guilty because he did not think the plea would have such severe repercussions towards his immigration charges.

Counsel was appointed to represent defendant and filed an amended petition. The amended petition noted that defendant had no prior criminal history at the time of his plea. It claimed that defendant's counsel was ineffective by failing "to properly explain the implications of the plea including collateral consequences by giving affirmative mis-advice to [defendant] prior to [him] pleading guilty and continuing through sentencing." In his supporting

certification, defendant averred that he had numerous discussions with trial counsel prior to the plea. He claimed trial counsel advised him that his chances were "fifty-fifty" if he went to trial and "suggested strongly that [he] plead guilty to a third[-]degree charge." He contended that counsel advised him that his plea to "straight possession of CDS in the [third-degree] range . . . would not affect [his] immigration status as he would ask the court to sentence [him] to time served." Counsel later advised defendant that the prosecutor would agree to a plea to third-degree possession with intent to distribute but not straight possession of CDS. Defendant alleged that counsel "advised that a plea to possession of CDS with intent to distribute would have the same effect on [his] immigration status as a straight possession charge as long as [he] was sentenced to time served." Defendant further alleged that counsel advised him that he was eligible for a time-served sentence because he had enough jail credit to cover the two-year period of parole ineligibility. Trial counsel explained that although "a lawful permanent resident is not the same as a citizen," the plea "would not affect [his] immigration status." Defendant averred that trial counsel "was confident that a plea agreement and the sentencing outcome he anticipated would result in [defendant] not being removed from the country."

A-2065-18T2

Defendant acknowledged that at the time of his plea, Judge Caulfield advised him that he would be deported, and he answered that he understood. Defendant contended, however, that he relied on trial counsel's off the record representation that he "would be sentenced to time served."

Defendant further certified that he retained an immigration attorney post-sentencing, who advised him that trial counsel had misadvised him about the plea agreement, and that he was subject to removal. Defendant stated that had he "not been misinformed about the collateral effect of [his] plea agreement by [trial counsel, he] would have challenged the proofs in this case and if necessary would have taken this case to trial."

Judge Caulfield also presided over the PCR proceeding. Following oral argument on April 27, 2018, the judge issued an order and oral decision denying defendant's petition without an evidentiary hearing.

In her oral decision, the judge carefully reviewed the plea agreement, plea hearing, and defendant's certification. She noted that defendant pleaded guilty to third-degree possession of CDS with intent to distribute knowing the sentence recommendation was a five-year term with two years of parole ineligibility. Prior to pleading guilty, defendant had numerous discussions with trial counsel. Trial counsel also discussed the case with defendant's sister. Trial counsel

A-2065-18T2

advised defendant that he was eligible for a time-served sentence because he had enough jail credit to cover the two-year period of parole ineligibility.

The judge pointed to defendant's certification, which acknowledged that she had advised defendant during the plea hearing that he would be deported and that defendant said he wanted to go forward with the plea because of trial counsel representations. The judge noted defendant was sentenced in accordance with the plea agreement and that defendant could not receive a time-served sentence because he was being sentenced to prison.

The judge noted that defendant was charged with ten counts and his plea agreement secured a much better result than what would have happened "had he gone to trial and lost." Had he been unsuccessful at trial he risked "the potential of consecutive sentences."

The judge recounted the extensive questioning during the plea hearing regarding defendant's immigration status; the fact that he would definitely be deported if he pleaded guilty; defendant having discussed deportation with trial counsel; that defendant understood he would be deported; that deportation was not a mere probability or possibility; that defendant had enough time to consider the plea agreement; that he was satisfied with trial counsel's advice; the language

6

of the plea forms regarding deportation; and that he had the right to seek advice from an immigration attorney.

The judge concluded there was no doubt that defendant knew he would be deported, regardless of anything trial counsel may have said. The judge noted that after she informed defendant that he would be deported, she asked him, "is that what [trial counsel] told you?" Defendant answered, "Yes."

The judge further concluded that an evidentiary hearing was not necessary. She explained that there was never a discussion between the court and defendant during the plea hearing that the court would consider a time-served sentence. "It was a state prison sentence from the beginning." Defendant's plea agreement was reached after months of negotiation. Most of his co-defendants received much higher plea offers. The charges against all defendants were very serious and there was significant evidence against them. Therefore, "it could not have come as a surprise to [defendant] that he received what he bargained for, which is the state prison sentence."

The judge also concluded that even if defendant's version of what trial counsel said was true, it "would not have changed the outcome." The judge found there was not "a reasonable possibility that but for" trial counsel's statements, "defendant would not have pled guilty and would have insisted on

going to trial. It wouldn't have made sense." The judge noted defendant was charged with second-degree distribution of CDS, second-degree possession of CDS with intent to distribution of over seven ounces of cocaine, and first-degree maintaining a drug production facility. In sum, "[i]t would not have been reasonable for him to reject an excellent plea, a five with a two, and go to trial being that he faced so much more [prison] time and the potential of consecutive sentences." Accordingly, the judge found defendant did not satisfy the second prong of the Strickland[1] test and denied the petition without conducting an evidentiary hearing. This appeal followed.

Defendant raises the following points for our consideration:

> I. THE PCR COURT ERRED IN RULING THAT DEJESUS RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT TRIAL COUNSEL IN CONNECTION WITH PLEADING GUILTY TO THE THIRD[-]DEGREE DRUG OFFENSE.
>
> II. THE PCR COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO ADDRESS THE CLAIMS RAISED BY DEFENDANT.

We review de novo the PCR court's factual findings made without an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). We also owe no

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-2065-18T2

deference to the trial court's conclusions of law. Ibid. Applying this standard of review, we affirm the denial of defendant's PCR petition substantially for the cogent reasons expressed by Judge Caulfield in her comprehensive oral decision. We add the following comments.

We apply the familiar two-pronged Strickland standard to determine whether defendant has shown that (1) his counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. In a conviction based on a guilty plea, the petitioner must show "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted), and doing so "would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Petitioner bears the burden to establish a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012). "[W]e consider [a] petitioner's contentions indulgently and view the facts asserted . . . in the light most favorable to him." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). However, we require a petitioner to state "with specificity the facts upon which the claim for

9

relief is based." R. 3:22-8. "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Judge Caufield's findings are fully supported by the record and her conclusions are consistent with applicable legal principles. Defendant was informed at the plea hearing that his guilty plea would result in deportation. The judge made clear that deportation was not a mere "possibility" or "probability." It was "definite." Defendant stated under oath that he understood and wanted to proceed with the plea despite that knowledge.

Defendant also understood that he was pleading guilty to third-degree possession of CDS with intent to distribute in exchange for a recommendation that he be sentenced to a five-year prison term subject to a two-year period of parole ineligibility. He was sentenced in accordance with the plea agreement.

Defendant claims he would not have pleaded guilty but for trial counsel's misadvice and would have challenged the evidence at trial. As explained by Judge Caulfield, defendant did not show a reasonable probability that, but for trial counsel's alleged misadvice, he would have taken the case to trial rather than accepting the very favorable plea agreement that counsel negotiated.

Defendant was facing ten counts that included first and second-degree crimes. He could have received consecutive sentences since the offenses occurred on several dates and locations. As noted by the judge, rejecting the plea offer and exposing himself to a much longer sentence would not have made sense. This finding is amply supported by the record. Moreover, defendant did not appeal his conviction or sentence or move to vacate his plea.

"A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR] . . . ." R. 3:22-10(b). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts in the light most favorable to the defendant, will ultimately succeed on the merits." Ibid.

Judge Caulfield properly decided that defendant did not establish a prima facie case for PCR because he could not satisfy the second prong of the Strickland test. Accordingly, she correctly determined that an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION